**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1373
_____

AJAY KAJLA,
                    Appellant

v.

HON. PATRICIA D. BUENO CLEARY, Retired Judge;
HON. GLENN GRANT, Judge; HON. JOSE L. FUENTES, Judge;
HON. ELLEN L. KOBLITZ, Judge; HON. DOUGLAS M. FASCIALE, Judge;
HON. JOHN C. KENNEDY, Judge; HON. SUSAN L. REISNER, Judge;
HON. KATIE A. GUMMER, Judge; HON. STUART RABNER, Chief Justice;
OFFICE OF FORECLOSURE, N.J. Superior Court
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-18-cv-15449)
District Judge: Honorable Anne E. Thompson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 22, 2020

Before: CHAGARES, RESTREPO and BIBAS, Circuit Judges

(Opinion filed: July 23, 2020)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Appellant Ajay Kajla, proceeding pro se, appeals from the judgment of the District Court dismissing his complaint for lack of subject matter jurisdiction, as well as the denial of his request for reconsideration. For the reasons that follow, we will affirm.

Because we write primarily for the parties, we will only recite the facts necessary for our discussion. Kajla defaulted on his home loan in 2007. The lienholder thereafter filed a mortgage foreclosure action in New Jersey state court in December 2007, followed by an amended foreclosure complaint in July 2008, and a second amended complaint in October 2008. The Superior Court of New Jersey, Chancery Division, granted a final judgment of foreclosure in March 2015, after Kajla and his wife failed to appear and defaulted the case. Kajla unsuccessfully filed a motion to vacate the default judgment in April 2015. On September 22, 2016, the Superior Court of New Jersey, Appellate Division, affirmed both the second amended final judge of foreclosure and the order denying Kajla's motion to vacate. See U.S. Bank Nat'l Ass'n v. Kajla, No. A-3875-14T2, 2016 WL 5210609 (N.J. Super. Ct. App. Div. 2016).

In October of 2018, Kajla filed a complaint in the United States District Court for the District of New Jersey against numerous judges of the New Jersey Superior Court, the Superior Court – Appellate Division, and the New Jersey Supreme Court who rendered various rulings in state court proceedings adjudicating the foreclosure on his house and his subsequent eviction, as well as the Office of Foreclosure of the New Jersey Superior Court. Kajla alleged that his home had been foreclosed upon illegally and fraudulently, and that his constitutional rights were violated by these actions. He sought an

2

unspecified amount of monetary damages and the "cessation" of any state court proceedings. See Compl. at ¶ 39.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review of the District Court's order granting a motion to dismiss for lack of subject matter jurisdiction. See FOCUS v. Allegheny Cty. Court of Common Pleas, 75 F.3d 834, 839-40 (3d Cir. 1996). We review a District Court's denial of a motion for reconsideration for abuse of discretion. Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 246 (3d Cir. 2010).

The District Court held that consideration of Kajla's complaint was barred by the Rooker-Feldman doctrine because such appellate jurisdiction rests solely with the United States Supreme Court. See 28 U.S.C. § 1257 (only the Supreme Court has jurisdiction to review decisions of state courts); Rooker v. Fid. Tr., 263 U.S. 413, 416 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462, 486-87 (1983). The Rooker-Feldman doctrine deprives a District Court of jurisdiction to review, directly or indirectly, a state court decision. The Supreme Court has emphasized the narrow scope of the doctrine, holding that it is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

There are four requirements for the Rooker-Feldman doctrine to apply: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit

3

was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010) (quoting Exxon Mobil, 544 U.S. at 284) (alterations in original). These requirements are met here. Kajla complained he was injured by state court rulings and judgments that, inter alia, denied him discovery, were contrary to "their own published guidelines and the prevailing [s]tandard," see Compl. at ¶ 3.1, and permitted the fraudulent foreclosure of his home. Those adjudications predated his federal complaint, and were the judgments that Kajla asked the District Court to invalidate. Thus, to the extent the District Court held that Kajla's request for relief from the foreclosure order was barred by the Rooker-Feldman doctrine, we agree.

In his complaint, Kajla also sought unspecified monetary damages from the named defendants. The District Court did not reach this claim, holding instead that it lacked subject matter jurisdiction over the entire complaint by the Rooker-Feldman doctrine. Nonetheless, it is beyond dispute that "[a] judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006). Although Kajla asserted that the various judges acted "outside their judicial capacities," he principally complained that the foreclosure order was issued erroneously and fraudulently. Such allegations are insufficient to overcome judicial immunity. See Capogrosso v. Supreme Court of N.J., 588 F.3d 180, 184 (3d Cir. 2009) (per curiam) (holding that judicial immunity extends to judicial officers, even if their actions were "'in error, w[ere] done maliciously, or w[ere] in excess

4

of [their] authority,'" unless the judges acted in clear absence of all jurisdiction (quoting Azubuko, 443 F.3d at 303)).

Furthermore, New Jersey courts, including New Jersey Superior Court's Office of Foreclosure, are entitled to Eleventh Amendment immunity.  See, e.g., Haybarger v. Lawrence Cty. Adult Prob. & Parole, 551 F.3d 193, 198 (3d Cir. 2008); see also Robinson v. N.J. Mercer Cty. Vicinage-Family Div., 514 F. App'x 146, 149 (3d Cir. 2013) (New Jersey county court was "clearly a part of the State of New Jersey," so "both the court itself and its employees in their official capacities were unconsenting state entities entitled to immunity under the Eleventh Amendment") (citing Chisolm v. McManimon, 275 F.3d 315 (3d Cir. 2001), and Benn v. First Judicial Dist. of Pa., 426 F.3d 233, 240 (3d Cir. 2005)).

Finally, the District Court did not abuse its discretion in denying Kajla's motion for reconsideration.  The motion was not based on an intervening change in the law, newly discovered evidence, or "the need to correct a clear error of law or fact or to prevent manifest injustice."  See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

Accordingly, we will affirm the judgment of the District Court.[1]

---

[1]  Kajla's Motion Requesting Justice for Filing Vexatious Letter/Document is denied.  There is nothing to suggest that the letter referenced in appellant's motion was filed by its author for any improper purpose as opposed to simply having been filed on the dockets of two related appeals.  Additionally, we note that the letter has long since been removed from the electronic docket in this appeal.

5